UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALICE KENNY,

                Plaintiff,

-against-

CATHOLIC CHARITIES COMMUNITY SERVICES,
ARCHDIOCESE OF NEW YORK; KEVIN SULLIVAN;
PAUL COSTIGLIO; and JOY JASPER,

                Defendants.

Case No: 20-cv-03269 (PAE)

# DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, Catholic Charities Community Services, Archdiocese of New York ("CCCS"), Msgr. Kevin Sullivan, Paul Costiglio and Joy Jasper, by and through their attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., as and for their Answer to Plaintiff Alice Kenny's ("Plaintiff") Amended Complaint ("Complaint"), state as follows:

1. Deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff purports to proceed as stated therein and that Plaintiff was employed by CCCS as a Staff Writer / Director of Special Projects in the Communications & Marketing Department.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 2 of the Complaint.

3. Admit the allegation contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations, except admit that Plaintiff is a former employee of CCCS.

5. Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff is a former employee of CCCS and that she worked for CCCS in New York, New York.

6. Deny the allegations contained in paragraph 6 of the Complaint, except admit that Msgr. Sullivan is Chair of the Board of CCCS and Executive Director of The Catholic Charities of the Archdiocese of New York.

7. Deny the allegations contained in paragraph 7 of the Complaint, except admit that Mr. Costiglio was Director of Communications & Marketing for The Catholic Charities of the Archdiocese of New York and that Mr. Costiglio supervised Plaintiff.

8. Deny the allegations contained in paragraph 8 of the Complaint, except admit that Ms. Jasper is the Director of Human Resources for CCCS.

9. Deny the allegations contained in paragraph 9 of the Complaint, except admit that the Court has federal question jurisdiction over Plaintiff's Title VII claims.

10. Admit the allegation contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint, except admit that venue is proper.

12. Deny the allegations contained in paragraph 12 of the Complaint, except admit that in or around 2004, Plaintiff rendered services for The Catholic Charities of the Archdiocese of New York as an independent contractor.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Plaintiff rendered services for The Catholic Charities of the Archdiocese of New York as an independent contractor prior to becoming an employee of CCCS.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint, except admit that that on or about October 27, 2008, Plaintiff commenced employment with The Catholic Charities of the Archdiocese of New York as a Staff Writer / Director of Special Projects in the Communications & Marketing Department and that she became an employee of CCCS on or about September 8, 2014.

16. Deny the allegations contained in paragraph 16 of the Complaint, except admit that Plaintiff was responsible for preparing and shepherding CCCS' submissions for the *New York Times'* annual Neediest Cases campaign and that Plaintiff prepared written materials, including brochures, annual reports, newsletters, press releases and feature releases, in order to promote CCCS and foster its charitable mission.

17. Deny the allegations contained in paragraph 17 of the Complaint.

18. Deny the allegations contained in paragraph 18 of the Complaint.

19. Deny the allegations contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint.

21. Deny the allegations contained in paragraph 21 of the Complaint.

22. Deny the allegations contained in paragraph 22 of the Complaint, except admit that Catholic Charities' funding from The Neediest Cases Fund increased from $544,437.00 on May 1, 2018, to $815,852 on May 8, 2019 and that The Neediest Cases Fund received fewer donations in 2019 than it did in 2018.

23. Deny the allegations contained in paragraph 23 of the Complaint, except admit that Plaintiff was responsible for the preparation of content for "Charity in Action," the official blog of Catholic Charities.

24. Deny the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiff became an employee of CCCS on or about September 8, 2014.

29. Deny the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint, except admit that Msgr. Sullivan is the Chair of the Board of CCCS and he has been the Executive Director of The Catholic Charities of the Archdiocese of New York since 2001.

31. Deny the allegations contained in paragraph 31 of the Complaint.

32. Deny the allegations contained in paragraph 32 of the Complaint and respectfully refer the Court to the blog at http://www.justloveblog.org/ for the contents thereof.

33. Deny the allegations contained in paragraph 33 of the Complaint.

34. Deny the allegations contained in paragraph 34 of the Complaint.

35. Deny the allegations contained in paragraph 35 of the Complaint.

36. Deny the allegations contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint, except admit that Frederick Joseph was a manager in the Communications and Marketing Department and that Mr. Joseph did not supervise or manage Plaintiff.

38. Deny the allegations contained in paragraph 38 of the Complaint, except admit that concerns regarding the Communications and Marketing Department were raised and discussed and Human Resources thoroughly investigated those concerns.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

41. Deny the allegations contained in paragraph 41 of the Complaint.

42. Deny the allegations contained in paragraph 42 of the Complaint.

43. Deny the allegations contained in paragraph 43 of the Complaint, except admit that: (i) the entire Communications and Marketing Department relocated from the 7th Floor of the building to the 11th Floor; (ii) the new 11th Floor space only had one office which was assigned to Mr. Costiglio as the Director of the Department; and (iii) the rest of the staff, including Plaintiff, were assigned to comparably sized desks.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

46. Deny the allegations contained in paragraph 46 of the Complaint.

47. Deny the allegations contained in paragraph 47 of the Complaint, except admit that Catholic Charities operated an "emerging managers" leadership program and that the program was not secret.

48. Deny the allegations contained in paragraph 48 of the Complaint.

49. Deny the allegations contained in paragraph 49 of the Complaint, except admit that Fanny Gomez was promoted from Communications and Marketing Assistant to Social Media Specialist.

50. Deny the allegations contained in paragraph 50 of the Complaint.

51. Deny the allegations contained in paragraph 51 of the Complaint.

52. Deny the allegations contained in paragraph 52 of the Complaint, except admit that on March 14, 2019, Mr. Costiglio directed Plaintiff to begin submitting her written work product

to John-Mark De Palma, Digital & Web Producer, and Zachary Davis, Communications and Marketing Assistant, for stylistic and structural content adjustments that would optimize visibility and priority of internet search results without editorially altering Plaintiff's work product.

53. Deny the allegations contained in paragraph 53 of the Complaint, except admit that on March 14, 2019, Mr. Costiglio directed Plaintiff to begin submitting her written work product to John-Mark De Palma, Digital & Web Producer, and Zachary Davis, Communications and Marketing Assistant, for stylistic and structural content adjustments that would optimize visibility and priority of internet search results without editorially altering Plaintiff's work product.

54. Deny the allegations contained in paragraph 54 of the Complaint, except admit that Mr. De Palma and Mr. Davis did not have supervisory authority over any CCCS employees, including Plaintiff.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint and respectfully refer the Court to Mr. Costiglio's March 14, 2019 email for the contents thereof.

57. Deny the allegations contained in paragraph 57 of the Complaint.

58. Deny the allegations contained in paragraph 58 of the Complaint.

59. Deny the allegations contained in paragraph 59 of the Complaint, except admit that Plaintiff responded to Mr. Costiglio's March 14, 2019 by email dated March 15, 2019 and respectfully refer the Court to the March 15, 2019 email for the contents thereof.

60. Deny the allegations contained in paragraph 60 of the Complaint and respectfully refer the Court to Plaintiff's March 15, 2019 email for the contents thereof.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint, except admit that Mr. Costiglio accurately informed Plaintiff that Mr. De Palma and Mr. Davis had not been promoted.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 63 of the Complaint.

64. Deny the allegations contained in paragraph 64 of the Complaint, except admit that on March 25, 2019, Plaintiff submitted a written grievance to Ms. Jasper.

65. Deny the allegations contained in paragraph 65 of the Complaint and respectfully refer the Court to Plaintiff's grievance for the contents thereof.

66. Deny the allegations contained in paragraph 66 of the Complaint, except admit that, in accordance with Mr. Costiglio's March 14, 2019 directive, Mr. De Palma and Mr. Davis made stylistic and structural content adjustments that would optimize visibility and priority of internet search results without editorially altering Plaintiff's work product.

67. Deny the allegations contained in paragraph 67 of the Complaint.

68. Deny the allegations contained in paragraph 68 of the Complaint.

69. Deny the allegations contained in paragraph 69 of the Complaint.

70. Deny the allegations contained in paragraph 70 of the Complaint.

71. Deny the allegations contained in paragraph 71 of the Complaint.

72. Deny the allegations contained in paragraph 72 of the Complaint, except admit that Ms. Gomez traveled to Central America in 2019.

73. Deny the allegations contained in paragraph 73 of the Complaint.

74. Deny the allegations contained in paragraph 74 of the Complaint.

75. Deny the allegations contained in paragraph 75 of the Complaint.

76. Deny the allegations contained in paragraph 76 of the Complaint.

77. Deny the allegations contained in paragraph 77 of the Complaint, except admit that Ms. Gomez assisted Msgr. Sullivan with his JustLove radio program.

78. Deny the allegations contained in paragraph 78 of the Complaint, except admit that in May 2019, Plaintiff refused to follow Mr. Costiglio's directives.

79. Deny the allegations contained in paragraph 79 of the Complaint, except admit that Ms. Jasper denied Plaintiff's grievance by letter dated May 14, 2019.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint, except admit that by email dated May 20, 2019, Plaintiff voluntarily resigned her employment, which she desired to become effective June 14, 2019 and that Plaintiff continued working for CCCS until she voluntarily separated from employment on June 14, 2019.

85. Deny the allegations contained in paragraph 85 of the Complaint.

86. Deny the allegations contained in paragraph 86 of the Complaint.

87. Deny the allegations contained in paragraph 87 of the Complaint.

## AS AND FOR THE FIRST CAUSE OF ACTION

88. With respect to the allegations contained in paragraph 88 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 87 as if fully stated herein.

89. Deny the allegations contained in paragraph 89 of the Complaint.

90. Deny the allegations contained in paragraph 90 of the Complaint.

91. Deny the allegations contained in paragraph 91 of the Complaint.

92. Deny the allegations contained in paragraph 92 of the Complaint.

## AS AND FOR THE SECOND CAUSE OF ACTION

93. With respect to the allegations contained in paragraph 93 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 92 as if fully stated herein.

94. Deny the allegations contained in paragraph 94 of the Complaint.

95. Deny the allegations contained in paragraph 95 of the Complaint.

96. Deny the allegations contained in paragraph 96 of the Complaint.

97. Deny the allegations contained in paragraph 97 of the Complaint.

98. Deny the allegations contained in paragraph 98 of the Complaint.

## AS AND FOR THE THIRD CAUSE OF ACTION

99. With respect to the allegations contained in paragraph 99 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 98 as if fully stated herein.

100. Deny the allegations contained in paragraph 100 of the Complaint.

101. Deny the allegations contained in paragraph 101 of the Complaint.

102. Deny the allegations contained in paragraph 102 of the Complaint.

103. Deny the allegations contained in paragraph 103 of the Complaint.

104. Deny the allegations contained in paragraph 104 of the Complaint.

## AS AND FOR THE FOURTH CAUSE OF ACTION

105. With respect to the allegations contained in paragraph 105 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 104 as if fully stated herein.

106. Deny the allegations contained in paragraph 106 of the Complaint.

107. Deny the allegations contained in paragraph 107 of the Complaint.

108. Deny the allegations contained in paragraph 108 of the Complaint.

109. Deny the allegations contained in paragraph 109 of the Complaint.

110. Deny the allegations contained in paragraph 110 of the Complaint.

111. Deny the allegations contained in paragraph 111 of the Complaint.

**AS AND FOR THE FIFTH CAUSE OF ACTION**

112. With respect to the allegations contained in paragraph 112 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 111 as if fully stated herein.

113. Deny the allegations contained in paragraph 113 of the Complaint.

114. Deny the allegations contained in paragraph 114 of the Complaint.

115. Deny the allegations contained in paragraph 115 of the Complaint.

116. Deny the allegations contained in paragraph 116 of the Complaint.

117. Deny the allegations contained in paragraph 117 of the Complaint.

**AS AND FOR THE SIXTH CAUSE OF ACTION**

118. With respect to the allegations contained in paragraph 118 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 117 as if fully stated herein.

119. Deny the allegations contained in paragraph 119 of the Complaint.

120. Deny the allegations contained in paragraph 120 of the Complaint.

121. Deny the allegations contained in paragraph 121 of the Complaint.

122. Deny the allegations contained in paragraph 122 of the Complaint.

123. Deny the allegations contained in paragraph 123 of the Complaint.

124. Deny the allegations contained in paragraph 124 of the Complaint.

**AS AND FOR THE SEVENTH CAUSE OF ACTION**

125. With respect to the allegations contained in paragraph 125 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 124 as if fully stated herein.

126. Paragraph 126 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

127. Deny the allegations contained in paragraph 127 of the Complaint.

128. Deny the allegations contained in paragraph 128 of the Complaint.

129. Deny the allegations contained in paragraph 129 of the Complaint.

130. Deny the allegations contained in paragraph 130 of the Complaint.

131. Deny the allegations contained in paragraph 131 of the Complaint.

132. Deny the allegations contained in paragraph 132 of the Complaint.

133. Deny the allegations contained in paragraph 133 of the Complaint.

## AS AND FOR THE EIGHTH CAUSE OF ACTION

134. With respect to the allegations contained in paragraph 134 of the Complaint, Defendants repeat and reallege their responses to paragraphs 1 through 133 as if fully stated herein.

135. Paragraph 135 of the Complaint states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations.

136. Deny the allegations contained in paragraph 136 of the Complaint.

137. Deny the allegations contained in paragraph 137 of the Complaint.

138. Deny the allegations contained in paragraph 138 of the Complaint.

139. Deny the allegations contained in paragraph 139 of the Complaint.

140. Deny the allegations contained in paragraph 140 of the Complaint.

141. Deny the allegations contained in paragraph 141 of the Complaint.

142. Deny the allegations contained in paragraph 142 of the Complaint.

## RELIEF

Deny the allegations contained in the PRAYER FOR RELIEF of the Complaint inclusive of every subparagraph thereof.

## JURY DEMAND

Deny the allegations contained in the JURY DEMAND of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on Plaintiff under applicable law, Defendants assert the defenses stated below and expressly reserve and do not waive the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefor.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint is barred, in whole or in part, to the extent it refers to, or relies upon, events occurring beyond the applicable statute(s) of limitations.

## THIRD DEFENSE

Plaintiff has failed to exhaust all internal administrative remedies available to her under CCCS' employee policies and procedures.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, laches, estoppel, waiver, and/or other equitable defenses, to the extent that discovery or factual developments establish a basis therefore.

## FIFTH DEFENSE

The Court should decline to exercise supplemental jurisdiction over Plaintiff's local and state law claims.

## SIXTH DEFENSE

Any and all actions taken by the Defendants were based on legitimate, non-discriminatory and non-retaliatory reasons.

## SEVENTH DEFENSE

None of the alleged actions or omissions constitute any willful violation of any law.

## EIGHTH DEFENSE

The individual Defendants, Msgr. Sullivan, Mr. Costiglio and Ms. Jasper, were not Plaintiff's employers and they are not proper parties to this action.

## NINTH DEFENSE

At all relevant times herein, Plaintiff was an employee at will.

## TENTH DEFENSE

Even if Plaintiff were to prove that a discriminatory or retaliatory factor motivated any alleged actions, which Defendants expressly deny, Plaintiff is not entitled to damages or other relief because Defendants would have taken the same actions in the absence of such motivation/factor(s).

## ELEVENTH DEFENSE

Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to meet administrative prerequisites or conditions precedent regarding the commencement of this action.

## TWELFTH DEFENSE

The Complaint is barred, in whole or in part, to the extent it relies upon, or refers to claims not asserted in the Charge of Discrimination.

## THIRTEENTH DEFENSE

The Complaint is barred, in whole or part, by Plaintiff's election of remedies.

## FOURTEENTH DEFENSE

CCCS maintains a well-established policy prohibiting discrimination, harassment, and retaliation in the workplace. Plaintiff was aware of this policy. Plaintiff did not fully utilize the policy.

## FIFTEENTH DEFENSE

Plaintiff has failed in whole or in part to mitigate her purported damages.

## RESERVATION OF RIGHTS

Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses unavailable. Defendants reserve the right to amend or assert additional defenses, which may become later known during the course of discovery or revealed during pretrial procedures.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice, granting its costs and attorneys' fees and granting such other relief as the Court may deem just and proper.

Dated: New York, New York
April 30, 2021

        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


By   s/*Robert M. Tucker*
       Robert M. Tucker
       Jessica R. Schild
599 Lexington Avenue, 17th Floor
New York, NY 10022
212.492.2500
robert.tucker@ogletree.com
jessica.schild@ogletree.com

*Attorneys for Defendants*

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that, on April 30, 2021, the foregoing Defendants' Answer and Defenses to Plaintiff's Amended Complaint was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the Plaintiff:

>Megan Goddard, Esq.
>Goddard Law PLLC
>*Attorneys for Plaintiff*

>s/ *Robert M. Tucker*
>Robert M. Tucker